MATTER OF Z—— AND R——

In SECTION 248 Proceedings

A-11484435
A-11484436

*Decided by Assistant Commissioner November 23, 1959*

Change of nonimmigrant status, section 248 of 1952 act—Exchange visitor—Eligibility.

Exchange visitor may be granted change in nonimmigrant classification under section 248 of 1952 act (other than as "H" nonimmigrant) but such action will not constitute waiver of two-year foreign residence requirement.

### BEFORE THE ASSISTANT COMMISSIONER

**Discussion:** D——Z——, a single male, aged 28, is a native and citizen of Italy who entered the United States February 16, 1957, at New York, New York, as an exchange visitor. G——R——, a single male, age 26, a native and citizen of Italy, entered the United States at New York, New York, on January 4, 1958, as an exchange visitor. Both were admitted for the purpose of receiving further training as electronic engineers and both are continuing to maintain the status under which admitted. Each individual has applied for change of nonimmigrant status from exchange visitor to treaty merchant as defined by section 101(a)(15)(E). The cases have been certified to this office.

The Olivetti Corporation of America is a Massachusetts corporation which is a substantially wholly-owned subsidiary of Ing. C. Olivetti and Co., S.P.A., an Italian corporation which has its principal place of business in Ivrea, Italy. The principal business of this company is the importation of business machines manufactured in Italy by the parent company and selling such machines in the United States. The company operates a laboratory in New Canaan, Connecticut, which develops devices for adapting the machines for particular United States uses, including demands made by the United States Navy, Army and Air Force. The laboratory is an essential factor in furthering the trade of the Italian company in the United States. Sales in this country amount to several million dollars per year.

The applicants are to be employed by the Olivetti Corporation of

America in research and development work on an electronic computor which is a direct continuation of the training in electronics for which the applicants came to the United States. The company estimates that the research and development project in which the applicants will be engaged will take approximately three years to complete. Upon completion of this project the applicants will return to Italy where the computor will be manufactured.

A treaty of commerce and navigation exists between Italy and the United States. The applicants are nationals of Italy and seek to remain in the United States solely for the purpose of employment with a firm which carries on substantial trade between the United States and the foreign state of which they are nationals pursuant to that treaty. They have established that they intend in good faith to depart from the United States upon termination of their status. They will be employed by a Massachusetts corporation which is a substantially wholly-owned subsidiary of an Italian corporation. Consequently, they will be employed by a "foreign corporation" having their nationality (*Matter of N——S——*, 7 I. & N. Dec. 426). The applicants possess special qualifications which make their services essential to the efficient operation of the employer's enterprise in that they are trained engineers, having a background of Italian residence and a complete knowledge of the Italian language, who can work interchangeably with the parent company or the subsidiary in the United States. The applicants, therefore, meet the requirements for classification as nonimmigrants under section 101(a)(15)(E).

Under the provisions of section 248 of the Immigration and Nationality Act any alien lawfully admitted to the United States as a nonimmigrant, except an alien classified as a nonimmigrant under section 101(a)(15)(D) or 101(a)(15)(C) of the act, may apply to have his nonimmigrant classification changed to any other nonimmigrant classification for which he may be qualified, provided he is continuing to maintain the nonimmigrant status under which he was admitted. An alien who is classified as a nonimmigrant under section 101(a)(15)(C) and who is not within the purview of section 238(d) of the act, may apply for a change to a classification under section 101(a)(15)(A) or section 101(a)(15)(G), but to no other classification. Therefore, there is no restriction in section 248 of the act to the change of nonimmigrant classification sought here.

Section 201(b) of the Act of January 27, 1948 (62 Stat. 6), as amended by the Act of June 4, 1956 (70 Stat. 241), provides that no alien admitted as an exchange visitor or acquiring exchange visitor status after admission shall be eligible to apply for an immigrant visa, or for a nonimmigrant visa under section 101(a)

(15)(H) of the Immigration and Nationality Act, or for adjustment of status to that of an alien lawfully admitted for permanent residence, until it is established that such person has resided and been physically present in a cooperating exchange country for an aggregate of at least two years following departure from the United States, or unless the foreign residence requirement is waived by the Attorney General. There is no provision in that section of law which would bar the change of nonimmigrant classification sought in these cases. If a change to some nonimmigrant classification other than that under section 101(a)(15)(H) is granted, such action does not constitute a waiver of the foreign residence requirement. If, at some later date, the alien desires to secure a nonimmigrant visa under section 101(a)(15)(H) or desires to change to that classification, or if he desires to become a lawful permanent resident, he still will be required to comply with all provisions of section 201(b) of the Act of January 27, 1948, as amended.

The applicants have presented evidence that they will engage in activities which constitute a direct continuation of the training for which they came to the United States. They have shown that if they are required to return to Italy now their training would be incomplete. They also state that the research and development work will take approximately three years, after which they will return to Italy. Under the circumstances outlined, we find that the applicants are *bona fide* nonimmigrants, and they will engage in activities which entitle them to the nonimmigrant classification sought. Their applications will be granted.

Order: It is ordered that a change to a nonimmigrant classification under section 101(a)(15)(E) be granted in both cases.